

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 17, 2020

**BY ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *United States v. Artur Chityan*, 18 Cr. 519 (JPO)

Dear Judge Oetken:

The Government respectfully submits this letter in opposition to the motion for home confinement filed by the defendant in this matter. *See* Dkt. No. 101. The defendant's motion requests that the Court "allow Mr. Chityan to serve his sentence in home confinement for a period of twelve (12) months," but does not identify a legal basis for the requested relief. For the reasons discussed below, the Government opposes this motion. There is no legal authority for the Court to order the BOP to place the defendant in home confinement, or to otherwise amend the judgment in this case.

**A.  Background**

On July 8, 2019, the defendant entered a guilty plea, pursuant to a plea agreement, to Count One of the Indictment, charging him with conspiracy to commit wire fraud and bank fraud. The parties stipulated to a sentencing guidelines range of 37 to 46 months' imprisonment, which included an adjustment for the fact that the defendant played a supervisory role in the offense. On January 31, 2020, the Court sentenced the defendant to a term of 15 months' imprisonment. In imposing sentence, the Court noted the seriousness of the crime and also that it "was not a one-time short-term lapse of judgment; it went on for many months. And the defendant was directly involved in supervising and carrying out the scheme." Sent. Tr. at 24. The Court has since twice granted defense requests to adjourn the defendant's surrender date, with the Government's consent, and the surrender date is currently set for July 29, 2020. *See* Dkt. No. 95; Dkt. No. 100.

## B.  Discussion

The defendant's motion requests that the Court order his 15-month sentence of incarceration be altered to a 12-month term of home confinement. The defendant cites no legal authority for this request, and the Government is aware of none. 18 U.S.C. § 3624(c)(2) provides the Bureau of Prisons ("BOP") with authority to place a prisoner in home confinement under certain circumstances. This authority has been expanded by Section 12003(b)(2) of the CARES Act, which permits the Director of the BOP to lengthen the maximum amount of time a prisoner spends in home confinement under section 3624(c)(2), as the Director "determines appropriate." These provisions, however, vest that authority in the Bureau of Prisons rather than the Court.[1] *United States v. Hasan-Hafez*, No. 16 Cr. 221-2 (KPF), 2020 WL 2836782, at *2 (S.D.N.Y. June 1, 2020) ("The Government is correct that the Court lacks jurisdiction to grant [defendant's] request for early transition to home confinement pursuant to 18 U.S.C. § 3624(c)(2)."); *United States v. Konny*, No. 19 Cr. 283 (JGK), 2020 WL 2836783, at *2 (S.D.N.Y. May 30, 2020) ("But the authority to place a prisoner in home confinement rests with the BOP under 18 U.S.C. § 3624(c)(2), and the discretion to make such an order lies solely with the Attorney General.") (quotation marks omitted). Pursuant to that authority, the Attorney General has issued guidance to the BOP, and to date "the BOP has placed an additional 4,234 inmates on home confinement; an increase of 148 percent." *See Frequently Asked Questions regarding potential inmate home confinement in response to the COVID-19 pandemic*, available at https://www.bop.gov/coronavirus/faq.jsp (last visited June 17, 2020).

The law also provides for a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), but the defendant's motion does not refer to that section or request the compassionate release relief provided in that section. The defendant is not proceeding *pro se*, and there is no reason to liberally construe his motion to be seeking relief under section 3582(c)(1). Even if the motion were construed as a § 3582(c)(1) motion, however, it would not be properly before this Court. The plain language of § 3582(c)(1)(A) makes clear that a court "may not" modify a sentence of imprisonment unless, as relevant here, the defendant has first "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." A defendant who has not commenced his sentence of imprisonment does not have a facility from which to seek compassionate release under 18 U.S.C. § 3582. Indeed, Judge Koeltl recently held that a request for compassionate release prior to surrender is premature and may not be considered by the Court. *See Konny*, 2020 WL 2836783, at *2 ("Because the defendant

---

[1] The defendant's sentence also cannot be modified under Rule 35.  A court may, within fourteen days of imposing a sentence, correct a sentence "that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).  The rule is intended to be "very narrow," *id.*  Advisory Committee Notes to former Rule 35(c) 1991 amendment, extending only to obvious errors or mistakes in the sentence that would almost certainly result in a remand of the case after appeal. Here, the defendant does not identify any such errors in the sentence and the 14-day period has long expired.

is not currently in the custody of the BOP, his application is premature."). Judge Koeltl reasoned that "by its plain terms, the section applies only to those defendants who have begun serving their term of imprisonment at a BOP facility." *Id.* (citing *United States v. Spruill*, 2020 WL 2113621, at *3 (D. Conn. May 4, 2020) (finding a motion for compassionate release premature where the motion was made before the defendant began his custodial sentence)). Accordingly, any § 3582(c) motion would be premature and should not be considered by the Court at this time.

Finally, while the Government does not believe it is necessary at this time to address the merits of a hypothetical motion brought pursuant to § 3582(c), it bears noting that on the current record, the defendant would fail to meet his burden to present "extraordinary and compelling reasons" to justify early release. *United States v. Campagna*, No. 16 Cr. 78 (LGS), 2020 WL 1489829, at *2 (S.D.N.Y. Mar. 27, 2020) ("'[E]xtraordinary and compelling reasons' exist where the defendant 'is suffering from a serious physical or medical condition,' 'that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'") (quoting U.S.S.G. § 1B1.13, Application Note 1(A)). The defendant's motion refers to unidentified "health issues," but does not provide any particular evidence of a condition that is a risk factor connected to COVID-19.[2]

The defendant also relies on a media report from May 9, 2020, regarding conditions at FCI Lompoc, the facility to which he has been designated. But the most recent statistics from the BOP show that conditions there have radically changed since early May. There is currently just one inmate case of COVID-19 at FCI Lompoc, and six cases among the staff, and over 800 inmates there have recovered from the disease. *See* BOP, COVID-19 Tracker, available at https://www.bop.gov/coronavirus/index.jsp (click on "full breakdown and additional details" under "COVID-19 Cases" for current data) (last visited June 17, 2020). While any case is concerning, and the risk of spread is always present, at least until a vaccine or treatment is developed, the record at this time does not indicate that BOP will be unable to safely house the defendant as of his surrender date. In short, the highly speculative nature of what the environment will be in the particular facility to which he is designated when the defendant commences his sentence, would fall short of meeting his burden to justify the extraordinary remedy that he seeks, even if such a remedy were legally available, which it is not.

---

[2] Based on the PSR in this case, the defendant does not appear to be in a high-risk category. He is 40 years old, well outside the high-risk age categories, and his only medical condition reported in the PSR is hypertension. (PSR ¶ 85). While pulmonary hypertension has been identified by the CDC as creating a heightened risk of severe illness, hypertension has not. Centers for Disease Control and Prevention, "COVID-19: Groups at Higher Risk for Severe Illness," available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (updated May 14, 2020, last visited June 17, 2020) ("Serious heart conditions, including … pulmonary hypertension, may put people at higher risk for severe illness from COVID-19.").

Page 4

In sum, the defendant has no legal basis to be assigned to home confinement by this Court, or to seek modification of the final judgment of this Court, and such a modification would not be warranted in any event.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: ___/s/ Thane Rehn_____
Thane Rehn
Assistant United States Attorney
(212) 637-2354

cc:    George Mgdesyan, Esq. (by ECF)