UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | 18-CR-519 (JPO) |
| -v- | |
| ARTUR CHITYAN, | ORDER |
| Defendant. | |

J. PAUL OETKEN, District Judge:

On January 31, 2020, this Court sentenced Defendant Artur Chityan to 15 months'
imprisonment for conspiracy to commit bank fraud and wire fraud.  (*See* Dkt. Nos. 83, 90.)
Defendant has not yet begun serving his sentence.  This Court has granted three requests for
adjournment of his surrender date in light of the COVID-19 pandemic.  He is currently ordered
to surrender to a BOP facility on September 29, 2020.  (*See* Dkt. No. 106.)

Defendant, through counsel, has filed a letter motion requesting an order permitting him
to serve his incarceratory sentence in "home confinement."  (Dkt. No. 101.)  The Government
has filed a letter opposing Defendant's motion.  (Dkt. No. 102.)

This Court is not aware of any legal authority permitting it to grant the relief requested by
Defendant.  "A court may not modify a term of imprisonment once it has been imposed except
pursuant to statute."  *United States v. Gotti*, No. 02 Cr. 743, 2020 WL 497987, at *1 (S.D.N.Y.
Jan. 15, 2020).  It is true that the First Step Act of 2018 permits a court to reduce a term of
imprisonment under certain circumstances — specifically where, after considering the factors in
18 U.S.C. § 3553(a), the court "finds that . . . extraordinary and compelling reasons warrant such
a reduction . . . and that such a reduction is consistent with applicable policy statements issued by
the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  However, the statute permits courts to
grant such relief only "after the defendant has fully exhausted all administrative rights to appeal

1

a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the *warden of the defendant's facility*, whichever is earlier." § 3582(c)(1)(A) (emphasis added).  As Judge Koeltl has concluded, the statute does not appear to permit courts to resentence a defendant who has not yet begun serving a term of imprisonment.  *See United States v. Konny*, No. 19 Crim. 283 (JGK), 2020 WL 2836783, at *2 (S.D.N.Y. May 30, 2020).

Even assuming that the Court had the authority to resentence Defendant to home confinement, the Court would conclude that there are not "extraordinary and compelling reasons" warranting such a reduction that outweigh the considerations in Section 3553(a).  For the reasons stated at sentencing, Defendant's crime was very serious, and a significant incarceratory sentence is necessary to serve the purposes of just punishment, respect for the law, and deterrence.  (*See* Dkt. No. 90.)  Defendant is young (40 years old) and appears to be in relatively good health; while he suffers from hypertension (which is quite common), he does not suffer from any other health condition that is associated with serious complications from COVID-19.

For the foregoing reasons, Defendant motion for resentencing to home confinement denied.

SO ORDERED.

Dated: July 27, 2020
      New York, New York

_____
J. PAUL OETKEN
United States District Judge